IN RE OKLAHOMA RULE OF PROFESSIONAL CONDUCT 1.15
2022 OK 82
Case Number: SCBD-7279
Decided: 10/10/2022
As Corrected October 12, 2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 82, __ P.3d __

 

In Re: Oklahoma Rule of Professional Conduct 1.15

ORDER
This matter comes on before this Court upon an Application to Amend Oklahoma Rule of Professional Conduct, as proposed and set out in Exhibit "A" attached hereto. This Court finds that it has jurisdiction over this matter and the Rule is hereby amended as set out in Exhibit A attached hereto effective January 1, 2023.
DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 10TH day of OCTOBER, 2022.

/s/Chief Justice
Darby, C.J., Kauger, Winchester, Edmondson, Combs, Gurich and Rowe, JJ., concur;

Rowe, J., with whom Kauger, J., joins, concurring
"I would prefer that all rule changes be published prior to presentation to the Supreme Court."
Kane, V.C.J. and Kuehn, J., not participating.
 

 
OKLAHOMA BAR FOUNDATION, INC.
Proposed Amendments to Rule 1.15
of the Oklahoma Rules of Professional Conduct
To Add Interest Rate Comparability to the Oklahoma IOLTA Program
The OBF proposes the following modifications to existing Rule 1.15 of the Oklahoma Rules of Professional Conduct, providing for the incorporation of Interest Rate Comparability into the Oklahoma IOLTA Program. The proposed modifications are shown as follows: additions are highlighted in red and deletions are shown by strike-throughs.
Rule 1.15. Safekeeping Property
(a) A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the written consent of the client or third person. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation.
(b) A lawyer may deposit the lawyer's own funds in a client trust account for the sole purposes of paying bank service charges on that account and to meet any minimum balance requirement imposed by a bank on that account, but only in an the amounts necessary for that those purposes. 
(c) A lawyer shall deposit into a client trust account legal fees and expenses that have been paid in advance, to be withdrawn by the lawyer only as fees are earned or expenses incurred.
(d) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.
(e) When in connection with a representation, a lawyer possesses funds or other property in which both the lawyer and another person claim interests, the funds or other property shall be kept separate by the lawyer until there is an accounting and severance of their interests. If a dispute arises concerning their respective interests, the portion in dispute shall be kept separate by the lawyer until the dispute is resolved, and the undisputed portion of the funds shall be promptly distributed.
(f) Where funds or other items of property entrusted to a lawyer have been impressed with a specific purpose as to their use, they shall retain that specific character unless otherwise authorized by a client or third person or prohibited by law. Where funds are impressed with a specific purpose, a lawyer may not subject them to a counterclaim, set off for fees, or subject them to a lien.
(g) Effective January 1, 2009, Aall members of the Bar who are required under the Oklahoma Rules of Professional Conduct, to maintain a trust account for the deposit of clients' funds entrusted to said lawyer them, shall do so and furnish information regarding said accounts(s) as hereinafter provided in this Rule. Each member of the Bar shall provide the Oklahoma Bar Association with the name of the bank or banks in which the lawyer carries any trust account, the name under which the account is carried and the account number. The lawyer or law firm shall provide such information within thirty (30) days from the date that said account is opened, closed, changed, or modified. The Oklahoma Bar Association will provide on-line access and/or paper forms for members to comply with these reporting requirements. Provision will be made for a response by lawyers who do not maintain a trust account and the reason for not maintaining said account. Information received by the Association as a result of this inquiry shall remain confidential except as provided by the Rules Governing Disciplinary Proceedings. Failure of any lawyer to respond or provide giving the information requested by the Oklahoma Bar Association, Oklahoma Bar Foundation or the Office of the General Counsel of the Oklahoma Bar Association pursuant to this Rule will be grounds for appropriate discipline. 
(h) A lawyer or law firm that holds funds of clients or third parties in connection with a representation shall create and maintain an interest-bearing demand trust account ("IOLTA Account") and shall deposit therein all such funds to the extent permitted by applicable banking laws, that are nominal in amount or to be held for a short period of time in compliance with the following provisions: 
(1) Tthe account may must be established with any a bank, or savings and loan association, savings bank or credit union authorized by federal or state law to do business in Oklahoma and insured by the Federal Deposit Insurance Corporation or the National Credit Union Administration, and such financial institution must be designated by the Office of the General Counsel as an Approved Institution authorized to participate in the IOLTA Program. Interest and dividend funds earned on IOLTA Accounts as set forth in this Rule will be paid by an Approved Institution to the Oklahoma Bar Foundation, which administers the IOLTA Program established under this Rule and which uses the funds for charitable law-related purposes.
(2) the rate of interest payable on the account shall not be less than the rate paid by the depository institution to regular, non-lawyer depositors. Higher rates offered by the institution to customers whose deposits exceed certain time or quantity minimums, such as those offered in the form of certificates of deposit, may be obtained by a lawyer or law firm so long as there is no impairment to the right to withdraw or transfer principal immediately (except as accounts generally may be subject to statutory notification requirements), even though interest may be sacrificed thereby; Participation in the Oklahoma IOLTA program is voluntary for financial institutions. A financial institution wishing to participate must meet the requirements set forth in Rule 1.15, including subparagraph (h), to be designated as an Approved Institution. Nothing in this Rule shall be construed to require any lawyer or law firm to make independent determinations about whether a financial institution meets the requirements set forth in subparagraph (h) herein. The Oklahoma Bar Foundation will make such determinations and will inform the Office of the General Counsel whether the financial institution is in compliance with the provisions of subparagraph (h). To facilitate such determinations, financial institutions shall report in a form and manner prescribed by the Foundation as to interest or dividend rates paid to non-IOLTA customers and other information that the Foundation may request in determining a financial institution's eligibility to be designated as an Approved Institution under subparagraph (h). The Foundation shall maintain a list of Approved Institutions for lawyers and law firms to utilize when establishing their IOLTA Accounts.
(3) Characteristics of IOLTA Accounts. Approved Institutions shall maintain IOLTA accounts with the following characteristics:
(i) Comparable Interest and Dividend Rates. The financial institution pays the highest interest rate or dividend rate it pays to its non-IOLTA customers when the IOLTA Account meets or exceeds the same minimum balance or other eligibility requirements
(A) Comparability Options. A financial institution shall pay on IOLTA accounts the highest rate available among the following product option types (if the product option is available from the financial institution to non-IOLTA customers) by either using the identified product option as an IOLTA account or paying the equivalent rate on the existing IOLTA account in lieu of actually using the highest rate bank product:
1. an interest or dividend bearing checking account such as a negotiable order of withdrawal (NOW) account, or business checking account with interest, including any checking account paying preferred rates; or
2. a government (such as for municipal deposits) interest or dividend bearing checking account; or
3. an open-ended money market fund investment offered through the financial institution that is: (a) tied to check-writing capability at the institution, (b) a government money fund that invests at least 99.5% of its total assets in cash, government securities (meaning United States Treasury obligations and obligations issued or guaranteed as to principal and interest by the United States Government), or repurchase agreements that are fully collateralized by cash or government securities, and (c) has total assets of at least $250,000.00; or 
4. a business checking account with an automated investment feature, such as an overnight sweep and investment in a daily financial repurchase agreement collateralized by the United States government securities, and established only with a financial institution that is "well-capitalized" or "adequately capitalized" as those terms are defined by applicable federal statutes and regulations; or 
5. any other interest or dividend paying product with or tied to check-writing capability at the institution; or
6. as an alternative to the Comparability Options above, a financial institution may pay a "Safe Harbor" interest rate equal to the higher of 60% Net Yield of the Federal Funds Target Rate as reported in the Wall Street Journal on the first business day of the calendar month, or 0.60%. The Oklahoma Bar Foundation will review and may revise the Safe Harbor rate from time to time based on changing market conditions and will provide reasonable notice of such revision to financial institutions, but in no case more frequently than every 90 days; or 
7. an interest rate specified by the Oklahoma Bar Foundation, if it so chooses, which is agreed to by a financial institution and would be in effect for a period of time to be mutually agreed upon.
(ii) Bank Charges. The financial institution either waives all administrative and service charges on IOLTA Accounts or imposes only reasonable fees and charges as follows: 
(A) IOLTA Account Fees. The only fees deducted from IOLTA interest or dividends are the reasonable costs of complying with the payment and reporting requirements described in sections 4(i) and 4(ii) below, and any fees for the automated investment features described in sections 3(1)(A)(3) and 3(1)(A)(4) above, which may be deducted in amounts normally assessed to similar non-IOLTA customers, if the financial institution is required to use these products to meet its comparability requirements. Fees assessed on an IOLTA Account must not exceed the interest or dividends earned by that account, and may not be recovered from the total interest earned by all IOLTA Accounts maintained with the financial institution. Recovering IOLTA fees from one account to pay for fees accrued on another account (sometimes referred to as "negative netting") is prohibited.
(B) Normal Service Charges. The financial institution does not assess against the interest or dividends earned on an IOLTA Account those service charges and transaction fees routinely imposed on business accounts. Normal service charges remain the financial responsibility of the lawyer or law firm maintaining the account, and should be properly disclosed to the lawyer or law firm maintaining the account. 
(4) (3) Tthe depository financial institution shall be directed:
(i) to Rremit interest or dividends, as the case may be, on the average monthly balance in the account, at least quarterly, to the Oklahoma Bar Foundation., Inc. ("Foundation"); The remittance should be made by an electronic payment method approved by the Foundation, and;
(ii) to Ttransmit with each remittance to the Foundation a statement in a format approved by the Foundation showing the name of the lawyer or the law firm for whom the remittance is sent, the account number, the period of time covered by the statement, any IOLTA Account fees or normal service charges assessed, the rate of interest applied and the average daily balance of the account; 
(5) (4) the A lawyer or law firm shall not deposit funds belonging to the lawyer or law firm in the account, except those funds necessary to comply with the depository financial institution's minimum balance requirements for the maintenance of the account or funds needed to pay applicable fees and normal service charges may be deposited therein; 
(6) (5) Iin determining whether to use the interest-or dividend-bearing account herein specified, the lawyer shall consider whether the funds to be invested could be utilized to provide a positive net return to the client, taking into consideration the following factors: 
(i) the amount of interest or dividends that the funds would earn during the period they are expected to be deposited;
(ii) the cost of establishing and administering the account, including the cost of the lawyer's services and the cost of preparing any tax reports required for interest accruing to a client's benefit; and
(iii) the capability of financial institutions to calculate and pay interest to individual clients;. 
(7) (6) Iin the event that any client asserts a claim against a lawyer based upon such lawyer's determination to place client advances in the account because such balance is nominal in amount or to be held for a short period of time, the Foundation shall, upon written request by such lawyer, review such claim and either: 
(i) approve such claim (if such balances are found not to be nominal in amount or short in duration) and remit directly to the claimant any sum of interest or dividends remitted to the Foundation on account of such funds; or 
(ii) reject such a claim (if such balances are found to be nominal in amount or short in duration) and advise the claimant in writing of the grounds therefor. In the event of any subsequent litigation involving such a claim, the Foundation shall interplead any such sum of interest or dividends and shall assume the defense of the action;. 
(8) (7) The requirements of subparagraph (h) shall not apply if it is not feasible for the lawyer or law firm to establish an interest-or dividend-bearing trust account for reasons beyond the control of the lawyer or law firm, such as the unavailability of a financial institution which offers such an account in the community where the principal office of the lawyer or law firm is situated, or.
(i) those financial institutions which offer such an account in the community where the principal office of the lawyer or law firm is situated impose fees and service charges that routinely exceed the interest generated by the account; and 
(9) (8) Information necessary to determine compliance or justifiable reason for noncompliance with the requirements of subparagraph (h) shall be included in the reporting required from a lawyer or law firm by subparagraph (g) of this Rrule. If it appears that a lawyer or law firm has not complied where it is feasible to do so, the matter may be referred to the OOffice of the General Counsel of the Oklahoma Bar Association for appropriate investigation and proceedings. 
(i) When a lawyer or law firm receives funds subject to this Rrule that are not required to be deposited in an interest or dividend-bearing account payable to the Oklahoma Bar Foundation pursuant to this Rule (h), the lawyer or law firm may create and maintain either an interest or dividend-bearing account or non-interest or dividend-bearing account, provided that any interest or dividends earned by the funds belongs to the client, shall be distributed according to the client's instructions, and shall not be used by the lawyer or law firm for any purpose without the client's express consent.
(j) Beginning January 1, 2008 and Iin addition to the requirements previously set forth in this Rule, lawyers trust accounts shall be maintained only in financial institutions approved by the Office of the General Counsel, including receipt of a determination of compliance with subparagraph (h) herein from the Oklahoma Bar Foundation. The Office shall establish rules governing approval and termination of approved status for financial institutions., and shall annually publish a list of approved financial institutions. 
(k) A financial institution may be designated as an Approved Institution approved as a depository for lawyer trust accounts if, in addition to meeting the requirements set forth in subparagraph (h) herein, it files with the Office of the General Counsel and agreement, a Trust Account Overdraft Reporting Agreement (TAORA) form provided by the Office, to report to the Office in the event any property payable instrument is presented against a lawyer trust account containing insufficient funds, irrespective of whether or not the instrument is honored. No trust account shall be maintained in any financial institution which does not agree to make such reports. Any such agreement shall apply to all branches of the financial institution and shall not be cancelled expect upon thirty (30) days notice in writing to the Office. 
(l) The Trust Account Overdraft Reporting Agreement shall provide at all reports made by the a financial institution pursuant to subparagraph (k) herein shall be in the following format: 
(1) In the case of a dishonored instrument, the report shall be identical to the overdraft notice customarily forwarded to the depositor, and should include a copy of the dishonored instrument, if such a copy is normally provided to depositors.
(2) In the case of instruments that are presented against insufficient funds but which instruments are honored, the report shall identify the financial institution, the lawyer or law firm, the account number, the date of presentation for payment and the date paid, as well as the amount of overdraft created thereby.
(3) Such reports shall be made simultaneously with, and within the time provided by law for notice to dishonor, if any. If an instrument presented against insufficient funds is honored, then the report shall be made within five (5) banking days of the date of presentation for payment against insufficient funds.
(m) Every lawyer practicing or admitted to practice in this jurisdiction shall be deemed to have consented to the reporting and production requirements mandated by this Rrule. 
(n) Nothing herein shall preclude a financial institution from charging a particular lawyer or law firm for the reasonable cost of producing the reports and records required by this Rrule. 
(o) Definitions
"Approved Institution" -- refers to a financial institution that meets the requirements of subparagraph (h) as determined by the Oklahoma Bar Foundation and has been approved by the Office of the General Counsel to be in compliance with all requirements of Rule 1.15.
"Financial Institution" -- includes refers to banks, savings and loan associations, savings banks, credit unions and any other business or person which accepts for deposit funds held in trust by lawyers.
"IOLTA" -- refers to Interest on Lawyers Trust Accounts, which are interest or dividend bearing trust accounts established by lawyers or law firms to hold funds of clients or third parties in connection with a representation pursuant to the requirements of Rule 1.15.
"Net Yield" -- refers to the effective interest or dividend earned on an IOLTA account after considering any IOLTA account fees assessed by a financial institution against the interest or dividend earned.
"Notice of dishonor" -- refers to the notice, which a financial institution is required to give, under the laws of this jurisdiction, upon presentation of an instrument, which the institution dishonors.
"Properly payable" -- refers to an instrument which, if presented in the normal course of business, is in a form requiring payment under the laws of this jurisdiction.
"Safe Harbor" rate -- refers to the interest rate which, if paid by a financial institution on an IOLTA Account, shall be deemed by the Oklahoma Bar Foundation to meet the comparability requirements of Rule 1.15, regardless of the highest yield available at the financial institution.